```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

SECURITIES AND EXCHANGE         )
COMMISSION,                     )
    Plaintiff,                  )
                                )
        v.                      )    C.A. No. 1:13-cv-10612
                                )
GREGG D. CAPLITZ and INSIGHT    )
ONSITE STRATEGIC MANAGEMENT,    )
LLC,                            )
    Defendants,                 )
                                )
    and                         )
                                )
ROSALIND D. HERMAN, BRAD        )
HERMAN, BRIAN HERMAN, CHARLENE  )
HERMAN, and THE KNEW FINANCE    )
EXPERTS, INC.,                  )
    Relief Defendants.          )

<u>ORDER</u>

WOLF, D.J.                                            March 21, 2013

      The Temporary Restraining Order, issued <u>ex parte</u> on March 17, 2013 (the "TRO"), will expire on April 1, 2013, at 5:00 p.m., unless extended by agreement of the parties or for good cause shown. <u>See</u> Mar. 17, 2013 Temporary Restraining Order, ¶9; Fed. R. Civ. P. 65(b)(2). On March 20, 2013, plaintiff Securities and Exchange Commission (the "SEC") filed a Motion for Preliminary Injunction Order Freezing Assets and Order for Other Equitable Relief (the "Motion"). If necessary, the court will conduct a hearing on the Motion on April 1, 2013. However, as a preliminary injunction would remain in effect for the duration of the case, it is foreseeable that the defendants may want more time to prepare to

address the Motion. Therefore, it is hereby ORDERED that:

1. Counsel for the parties shall confer forthwith and, by March 22, 2013, at 12:00 noon, inform the court of whether defendants agree to an extension of the TRO. If so, the parties shall propose a schedule to complete the briefing concerning the Motion and state their respective positions as to whether it will be necessary or appropriate for the court to hear testimony from any particular witness(es).

2. If the defendants do not consent to an extension of the TRO:

    a) The defendants shall, by March 26, 2013, respond to the Motion and identify any potential witness(es) that they propose testify at the hearing on it.

    b) The SEC shall, by March 28, 2013, file any reply, and identify any potential witness(es) that it proposes testify at the hearing on the Motion.

    c) A hearing on the Motion shall be held on April 1, 2013, at 11:00 a.m. Unless otherwise ordered, each potential witness identified by a party shall be present to testify, if necessary, at the hearing.

3. By March 26, 2013, Julie M. Riewe, Deputy Chief of the SEC's Enforcement Division's Asset Management Unit, shall file an affidavit and supporting memorandum seeking to demonstrate why the court should not find that the statement attributed to her in the

attached March 18, 2013 press release and March 19, 2012 <u>Boston Globe</u> article violates Rule 83.2A of the Local Rules of the United States District Court for the District of Massachusetts, which prohibits certain extrajudicial statements. <u>C.f.</u> <u>United States v. Flemmi</u>, 223 F. Supp. 2d 113 (D. Mass. 2000). Her affidavit should, among other things, address whether she was aware when she made her statement that Gregg D. Caplitz is also a defendant in a pending criminal case in the District of Massachusetts, <u>United States v. Caplitz</u>, Cr. No. 12-10015-WGY, and whether she or the SEC have communicated or cooperated with government agents and/or attorneys with regard to the investigation and/or prosecution of that criminal case.

                                                 /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE



Home | Previous Page

U.S. Securities and Exchange Commission

## SEC Obtains Asset Freeze Against Massachusetts-Based Investment Adviser Stealing Money from Clients

**FOR IMMEDIATE RELEASE**
**2013-43**

*Washington, D.C., March 18, 2013* — The Securities and Exchange Commission today announced an asset freeze against a Massachusetts-based investment adviser charged with stealing money from clients who were given the false impression they were investing in a hedge fund.

**Additional Materials**

➤ SEC Complaint

In a complaint unsealed today in federal court in Boston, the SEC alleges that Gregg D. Caplitz and Insight Onsite Strategic Management in Wilmington, Mass., raised at least $1.1 million from clients that was used for purposes other than investing in the hedge fund they purported to manage. Investor money was merely transferred to the firm's chief investment officer and other members of her family who spent it on personal expenses. The firm reported in SEC filings that it has $100 million in assets under management, however the purported hedge fund actually has no assets.

U.S. District Judge Mark L. Wolf granted the SEC's request for an emergency court order to freeze the assets of Caplitz and his firm as well as others who received investor money and have been named as relief defendants for the purposes of recovering investor funds in their possession.

"Caplitz and his firm conjured up a hedge fund to lure longtime clients into investing substantial amounts of money that became nothing more than a slush fund to pay bills for others," said Julie M. Riewe, Deputy Chief of the SEC Enforcement Division's Asset Management Unit.

According to the SEC's complaint, Caplitz's scheme began around 2009. While soliciting funds, Caplitz convinced one client and his wife to invest $275,000 in the hedge fund that Caplitz claimed would generate them about $1,000 per month in returns. Caplitz also solicited a 20-year client who after considering his sales pitch decided not to invest in the hedge fund because she considered it too risky of an investment for someone her age. But Caplitz apparently took action to obtain funds from the client's IRA account and wire thousands of dollars to an Insight Onsite Strategic Management bank account. The client was not aware of the transfers and did not authorize them.

The SEC alleges that instead of using investor funds to purchase shares in

a hedge fund or to manage or develop a hedge fund, Caplitz transferred control of client money to Rosalind Herman, his friend who works at the firm. Investor funds also were transferred to her sons Brad and Brian Herman, daughter-in-law Charlene Herman, and a company called The Knew Finance Experts. The Hermans, who all live in Las Vegas, own that company. The Hermans used investor money to pay legal bills and other personal expenses at gas stations, drugstores, and restaurants.

The SEC alleges that as part of his scheme, Caplitz obtained funds from a real estate investment trust (REIT) by falsely representing that a hedge fund he operated was interested in making an investment in that trust. The public, non-traded REIT gave $135,000 to Caplitz so he could conduct due diligence on the REIT as a precursor to making a $5 million investment that never materialized.

The SEC alleges that Caplitz and Insight Onsite Strategic Management violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, Section 17(a) of the Securities Act of 1933, and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940. The complaint seeks a permanent injunction plus disgorgement, prejudgment interest, and a penalty against Caplitz and his firm. The complaint also names the four Hermans and The Knew Finance Experts as relief defendants and seeks disgorgement plus prejudgment interest.

The SEC's investigation was conducted in the Boston Regional Office by Mayeti Gametchu and Kevin Kelcourse of the Asset Management Unit and Susan Cooke Anderson. The litigation will be led by Kathy Shields and Ms. Gametchu.

# # #

*http://www.sec.gov/news/press/2012/2013-43.htm*

Copyright 2013 Globe Newspaper Company

The Boston Globe

March 19, 2013 Tuesday

LENGTH: 287 words
HEADLINE: SEC freezes assets of adviser accused of theft
BYLINE: By Beth Healy

Federal securities regulators have frozen the assets of a Massachusetts man who is accused of stealing $1.1 million from investors by convincing them he ran a hedge fund.

Investment adviser Gregg D. Caplitz and his Insight Onsite Strategic Management in Wilmington transferred money from clients to another executive at the firm, whose family spent the funds at restaurants and gas stations and on legal bills, according to a complaint unsealed Monday in US District Court in Boston.

The company reported in filings with the Securities and Exchange Commission that it had $100 million in assets under management. But it in fact has no assets, the SEC said.

"Caplitz and his firm conjured up a hedge fund to lure longtime clients into investing substantial amounts of money that became nothing more than a slush fund to pay bills for others," said Julie M. Riewe, deputy chief of the SEC Enforcement Division's Asset Management Unit.
A lawyer for Caplitz said he had just received the case and was not prepared to comment.

According to the SEC, the alleged scheme began around 2009. Caplitz convinced one client and his wife to invest $275,000 in the hedge fund that he claimed would generate about $1,000 per month in returns, regulators said. Caplitz also allegedly obtained funds from the retirement account of a 20-year client.

The SEC alleged that instead of investing the clients' funds, Caplitz transferred their money to Rosalind Herman of Las Vegas, a friend who works at the firm. Investor funds also were transferred to her sons and another company.

The complaint seeks a permanent injunction against Caplitz and his associates, a return of the investors' money, and a fine.