UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:13-cv-10612-MLW |
| v. | ) ) | |
| GREGG D. CAPLITZ and INSIGHT ONSITE STRATEGIC MANAGEMENT, LLC, | ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| ROSALIND D. HERMAN, BRAD HERMAN, BRIAN HERMAN, CHARLENE HERMAN, and THE KNEW FINANCE EXPERTS, INC., | ) ) ) ) | |
| Relief Defendants. | ) ) | |

**FINAL JUDGMENT AS TO
RELIEF DEFENDANT BRIAN HERMAN**

WHEREAS, on March 15, 2013, the plaintiff Securities and Exchange Commission ("Commission") commenced this action by filing a Complaint against relief defendant Brian Herman ("Herman" or "Relief Defendant") and others;

WHEREAS, a summons was issued to Herman on March 18, 2013 (*see* Dkt. No. 12), and a return of service was filed as to Herman on March 20, 2013 (*see* Dkt. No. 18);

WHEREAS, this case was stayed as to relief defendant Herman on May 9, 2013 (*see* Dkt. No. 46) and the stay was lifted on January 17, 2020 (*see* Dkt. No. 62);

WHEREAS, the Commission filed a motion for entry of default against Herman on April

30, 2020 for failure to answer or otherwise appear (*see* Dkt. No. 84);

WHEREAS, in accordance with Fed. R. Civ. P. 55(a), a Clerk's default was entered against Herman on May 4, 2020, (*see* Dkt. No. 86);

WHEREAS, the court accepts as true the factual allegations of the Complaint against defendant Herman, who has defaulted, and finds that the court has jurisdiction over relief defendant Herman pursuant to Sections 21(d)(5), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§78u(d)(5), 78aa].

WHEREAS, the Commission has applied, pursuant to Fed. R. Civ. P. 55(b)(2), for the entry of this Final Judgment based on defendant Herman's failure to answer or otherwise respond to the Commission's Complaint, and the court having considered the prima facie case for relief shown by the Commission's Complaint, the memorandum of law in support of the Commission's motion for default judgment, and the supporting declaration of Mark Albers, which showing has not been rebutted by defendant Herman;

NOW THEREFORE, BASED ON THE FOREGOING:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $243,204, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $77,065, for a total of $320,269. Relief Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961. Relief Defendant shall satisfy this obligation by paying $320,269 within 30 days after entry of this Final Judgment pursuant to the instructions below.

All money paid pursuant to this Final Judgment shall be credited to the orders of restitution entered against Gregg Caplitz and Rosalind Herman in *United States v. Gregg Caplitz*

*and Rosalind Herman*, Criminal Action No. 12-cr-10015-WGY (D. Mass.), and shall be

distributed in accordance with the distribution of money collected pursuant to that restitution

fund.  Accordingly, Relief Defendant will pay $320,269  by certified check or money order made

payable to "Clerk of Court" noting Criminal Action No. 12-cr-10015-WGY in the memo section

of the payment method, and which shall be delivered or mailed to the following address:

> Clerk's Office
> John Joseph Moakley United States Courthouse
> One Courthouse Way, Suite 2300
> Boston, MA  02210

and shall be accompanied by a letter identifying: this case title, civil action number, name of this

court, Brian Herman as a relief defendant in this action, and specifying that payment is made

pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and

case identifying information to the Commission's counsel in this action.  By making this

payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such

funds and no part of the funds shall be returned to Relief Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 30 days following entry of this Final Judgment.  Relief Defendant shall pay

post judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that within 3

days after being served with a copy of this Final Judgment, Bank of America shall transfer the

entire balance of the following bank accounts, which were frozen pursuant to an Order of this

Court, to the Clerk of Court for distribution in accordance with the restitution fund described in

paragraph I above:

| Account Owner | Acct. Ending in: |
|---|---|
| Brian Herman | ***5851 |

Bank of America may transmit payment by certified check, bank cashier's check, or

money order made payable to the "Clerk of Court" noting Criminal Action No. 12-cr-10015-

WGY in the memo section of the payment method, and which shall be delivered or mailed to the

following address:

> Clerk's Office
> John Joseph Moakley United States Courthouse
> One Courthouse Way, Suite 2300
> Boston, MA  02210

and shall be accompanied by a letter identifying: this case title, civil action number, name of this

court, Brian Herman as a relief defendant in this action, and specifying that payment is made

pursuant to this Final Judgment.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Relief Defendant, and further, any debt for

disgorgement, prejudgment interest, or other amounts due by Relief Defendant under this Final

Judgment or any other judgment, order, consent order, decree or settlement agreement entered in

connection with this proceeding, is a debt for the violation by Defendants of the federal securities

laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the

Bankruptcy Code, 11 U.S.C. §523(a)(19).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated:  __June 11___, 2020



UNITED STATES DISTRICT JUDGE